## OPTION OF PURCHASE DEFEATED BY IMPROVEMENTS MADE ON THE PROPERTY.

Circuit Court of Williams County.

RHINOLD BANKEY V. J. E. MANON.

Decided, October 31, 1911.

*Specific Performance—Refused Where Enforcement Would be Harsh and Inequitable.*

A decree for specific performance will not be granted, where to compel performance would be extremely harsh, oppressive and inequitable by reason of the fact that the option of purchase was not exercised by the lessee until the lessor, at the request of the lessee, had put in improvements which doubled both the market and rental value of the property, and double rental was paid by the lessee until about the time of the termination of the lease when an attempt was made to exercise the option of purchase.

*John H. Schrider and Newcomer & Gebhard,* for plaintiff.
*Bowersox & Peck,* contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

This case is pending in this court on appeal from the common pleas court. It is an action to enforce the specific performance of a contract containing an option to purchase certain real estate, situated in Williams Center, this county. It appears from the evidence that the property was leased by J. E. Manon to certain lessees, and that the lessees assigned to the plaintiff, Rhinold Bankey. This lease was executed on November 1, 1905, and was for one year with the privilege of five, and it contains a clause giving the right of purchase for the sum of $700 at any time while the contract was in force. The rental reserved in the lease is five dollars per month. Some time after the execution of the lease and after possession was taken under it, the parties agreed to a modification, at least to the extent that the owner was to erect an addition to the building on the premises, and that the rent should be increased to $11 per month. The improvements were made by the owner, and are conceded by the

plaintiff in his reply to be of the value of at least $300. We find from the evidence that the value of these improvements, so made by the defendant, is at least the sum of $700. The increased rental was paid by the plaintiff until the expiration of the lease, or substantially to that date. The plaintiff has elected to exercise the option contained in the lease, and asks from this court that the defendant be required to specifically perform by conveying the premises to him upon payment of the sum of $700. We think it entirely clear from the evidence that these improvements were made by the defendant, and the value of the premises enhanced accordingly, under circumstances which show that the defendant did not understand that he was still bound, after the change in the rental price and the completion of the improvements, to convey the premises to the plaintiff for the price named in the option. He had good reason to believe and apparently did believe that the substantial improvements made which at least doubled the value of the property, coupled with the change of the rent from $5 per month to $11 per month released him from the option in the lease. Under the circumstances existing in this case the plaintiff must not expect a court of equity to compel the transfer to him of property worth at least $1,400 upon the payment by him of $700. The agreed rental value of $11 per month is equal to $132 per year, which would amount to an income of 8% on a valuation of $1,650. The later rent paid amounts to nearly 20% on the sum of $700, which is the amount offered by the plaintiff, in return for which he demands the conveyance of these premises. It is clearly a demand that a court of equity should do that which is inequitable. We call attention to the following cases: *City of Tiffin* v. *Shawhan,* 43 O. S., 178; *Hughes* v. *Roth,* 18 C. C. R., 804.

To compel the specific performance of the agreement contained in the lease would be extremely harsh, oppressive and inequitable. The defendant in this case filed a motion for judgment upon the pleadings in his favor, and we think he is not entitled to have the same granted. Upon the merits of the case, however, we find for the defendant, and refuse specific performance.